1  MARC A. PILOTIN
Regional Solicitor
2  KATHERINE E. CAMERON
Associate Regional Solicitor
3  BORIS ORLOV
Counsel for Wage and Hour
4  EDUARD R. MELESHINSKY (SBN 300547)
KARLA MALAGON CASTILLO (SBN 320505)
5  Trial Attorneys
UNITED STATES DEPARTMENT OF LABOR
6  90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
7  Telephone: (415) 625-7744
meleshinsky.eduard.r@dol.gov
8  *Attorneys for Plaintiff Julie A. Su,*
*Acting United States Secretary of Labor*

9

10                    IN THE UNITED STATES DISTRICT COURT

11                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13

14  JULIE A. SU,                                    Case No. [3:23-cv-1714]
        Acting Secretary of Labor,
15      United States Department of Labor,

16                                                  **COMPLAINT FOR INJUNCTIVE**
                              Plaintiff,            **RELIEF AND TO RECOVER**
17            v.                                    **AMOUNTS DUE UNDER THE**
                                                    **FAIR LABOR STANDARDS ACT**
18  JOHN MICHAEL MEZA, a natural person;
    JESSICA LEVYA MEZA, a natural person;
19  MICHAEL AYESH, a natural person; MZS            Date:      n/a
    ENTERPRISES, LLC, a California limited          Time:      n/a
20  liability company; CRAVE BRANDS, LLC, a         Judge:
    limited liability company,
21
                              Defendants.
22

23

24

25

26

27

28

---

COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE FAIR LABOR STANDARDS ACT
Case No. [Case Number]

## INTRODUCTION

Plaintiff Julie A. Su, Acting Secretary of Labor, U.S. Department of Labor ("Secretary") brings this case to remedy Defendants' blatant violations of federal law prohibiting oppressive child labor and protecting the lawfully-earned wages of Defendants' employees. Defendants operate at least fourteen Subway sandwich franchise locations in the San Francisco Bay Area, where their employees prepare sandwiches, work as cashiers, and clean equipment and premises. Across these establishments, Defendants willfully violate federal child labor protections by directing employees as young as 14 and 15 to operate hazardous equipment including ovens, toasters, and cardboard balers, and to work excessive hours. Defendants further exploit their employees by withholding their paychecks, issuing paychecks that bounce, stealing the tips customers intend for employees, and depriving employees of earned overtime pay. Defendants have gone to great lengths to hide their willful safety and wage violations: they direct employees to falsify time records and retaliated against, intimidated and threatened their employees to discourage them from cooperating with the U.S. Department of Labor.

## NATURE OF THE ACTION

1.      The Secretary brings this action under Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.*, to enjoin Defendants from violating the provisions of Sections 3(m)(2)(B), 6, 7, 11(a), 11(c), 12, and 15(a)(2)-(5) of the FLSA, 29 U.S.C. §§ 203(m)(2)(B), 206, 207, 211(a), 211(c), 212, 215(a)(2)-(5).

2.      The Secretary also brings this action under Section 16(c) of the FLSA, 29 U.S.C. § 216(c), to recover unpaid minimum, overtime, and tip wages owed under the FLSA, beginning April 10, 2020, and ongoing, to Defendants' employees, including those listed by name on the attached Exhibit A to this Complaint, together with an equal amount as liquidated damages.

//

//

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction of this action under Sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217. This Court also has subject matter jurisdiction of this action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1345 (United States as plaintiff).

4.      Venue lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1391(b), because the majority of the events giving rise to the claims in this enforcement action occurred within this District.

## DIVISIONAL ASSIGNMENT (LCR 3-5(b))

5.      This civil enforcement action arises out of events which occurred in the counties of Alameda, Contra Costa, Napa, Solano, and Sonoma. Based on the information presently available to the Secretary, the majority of the violations occurred in the counties of Contra Costa and Alameda. Accordingly, assignment to the San Francisco Division or Oakland Division is appropriate.

## PARTIES

### Plaintiff Julie A. Su, Acting Secretary of Labor, U.S. Department of Labor

6.      The Secretary is charged with enforcing the FLSA to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[.]" 29 U.S.C. § 202(a). In bringing actions under the FLSA, the Secretary represents not only the interest of the individual employees affected by an employer's violations of the law, but also the public interest, including the interests of employers whose ability to compete in compliance with the law is harmed by employers who flout minimum standards.

### Defendant John Michael Meza

7.      Defendant John Michael Meza, an individual, resides in Contra Costa County, California. He is, and at all relevant times was, the managing member and the sole member, and owner of entity Defendants MZS Enterprises, LLC, and Crave Brands, LLC.

8.     At all relevant times, Defendant John Michael Meza acted directly and indirectly in the interests of Defendants MZS Enterprises, LLC and Crave Brands, LLC in relation to their employees, including determining employment practices, hiring and firing employees, setting and negotiating wages, and supervising, directing, and disciplining employees.

9.     Defendant John Michael Meza is individually liable as an employer under Section 3(d), 29 U.S.C. § 203(d), for back wages and liquidated damages owed to employees of Defendants, including employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Secretary whom she later identifies.

10.     The claims against Defendant John Michael Meza in this case arise out of and are directly related to his business activities in the jurisdiction of this Court.

**Defendant Jessica Leyva Meza**

11.     Defendant Jessica Leyva Meza, an individual, on information and belief resides in Contra Costa County, California. She is married to Defendant John Michael Meza and an agent of entity Defendants MZS Enterprises, LLC and Crave Brands, LLC. Defendant Jessica Leyva Meza acts as a day-to-day supervisor of employees at one or more of Defendants' Subway franchise locations.

12.     At all times relevant, Defendant Leyva Meza acted directly or indirectly in the interests of Defendants MZS Enterprises, LLC and Crave Brands, LLC in relation to their employees, including hiring, firing, and disciplining employees, and determining work schedules and employment practices.

13.     Defendant Leyva Meza is individually liable as an employer under Section 3(d), 29 U.S.C. § 203(d), for back wages and liquidated damages owed to employees of Defendants, including employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Secretary whom she later identifies.

14.     The claims against Defendant Leyva Meza in this case arise out of and are directly related to her business activities within the jurisdiction of this Court.

//

**Defendant Michael Ayesh**

15.     Defendant Michael "Mike" Ayesh, an individual, on information and belief resides in Alameda County, California. He is an agent of Defendants MZS Enterprises, LLC and Crave Brands, LLC, and acts as a day-to-day supervisor of employees at one or more of Defendants' Subway franchise locations.

16.     At all relevant times, Defendant Ayesh acted directly or indirectly in the interests of Defendants MZS Enterprises, LLC and Crave Brands, LLC in relation to their employees, including hiring, firing, and disciplining employees, and determining work schedules and employment practices.

17.     Defendant Ayesh is individually liable as an employer under Section 3(d), 29 U.S.C. § 203(d), for back wages and liquidated damages owed to employees of Defendants, including employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Secretary whom she later identifies.

18.     The claims against Defendant Ayesh in this case arise out of and are directly related to his business activities within the jurisdiction of this Court.

**Defendant MZS Enterprises, LLC**

19.     Defendant MZS Enterprises, LLC ("MZS Enterprises") is a California corporation with a principal office address at 3130 Balfour Road Suite D133, Brentwood, California 94513. Defendant MZS Enterprises operates at least fourteen "Subway" franchise fast-food restaurants in Alameda, Contra Costa, Napa, Solano, and Sonoma Counties. Defendant employs employees who perform a variety of routine food preparation duties including restocking ingredients, baking and toasting bread, making sandwiches, serving customers, and cleaning the facilities.

20.     At all times relevant, Defendant MZS Enterprises is and has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Secretary whom she later identifies.

//

**Defendant Crave Brands, LLC**

21.     Defendant Crave Brands, LLC ("Crave Brands") is a California corporation with a principal office address at 3130 Balfour Road Suite D133, Brentwood, California 94513. Defendant Crave Brands LLC operates at least fourteen "Subway" franchise fast-food restaurants in Alameda, Contra Costa, Napa, Solano, and Sonoma Counties. Defendant employs employees who perform a variety of routine food preparation duties including restocking ingredients, baking and toasting bread, making sandwiches, serving customers, and cleaning the facilities.

22.     At all times relevant, Defendant Crave Brands LLC is and has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Secretary whom she later identifies.

**Defendants are an Enterprise Covered by the FLSA**

23.     At all relevant times, Defendant John Michael Meza owned, operated, and controlled MZS Enterprises, LLC, and Crave Brands, LLC and directed Defendants Leyva Meza and Ayesh to act directly or indirectly in the interests of MZS Enterprises, LLC and Crave Brands LLC, for the common business purpose of providing full-service Subway franchise locations in the counties of Alameda, Contra Costa, Napa, Solano, and Sonoma.

24.     Defendants' Subway franchises include restaurants at the following locations:

A.     13501 San Pablo Avenue, Suite A, San Pablo, CA 94806

B.     2777 Lone Tree Way, Antioch, CA 94509

C.     1026 Oak Street Suite 103, Clayton, CA 94517

D.     301 Sun Valley Mall, Concord, CA 94520

E.     199 Lincoln Road W., Building C, Vallejo, CA 94590

F.     2375 California Blvd, Napa, CA 94559

G.   3214 Jefferson St., Napa, CA 94558

H.   902 Enterprise Way Unit A, Napa, CA 94558

I.   2620 Lakeville Hwy, Unit 320, Petaluma, CA 94954

J.   961 Lakeville Hwy, Petaluma, CA 94954

K.   221 N Mc Dowell, Petaluma, CA 94954

L.   6400 Hembree Ln Unit 100, Windsor CA 95492

M.   8500 Gravestein Hwy Unit B, Cotati CA 94931

N.   124-B Calistoga Rd, Santa Rosa CA 95409

25.   As a result, Defendants MZS Enterprises, LLC and Crave Brands, LLC are and have been an "enterprise," as defined in FLSA § 3(r), 29 U.S.C. § 203(r), with business activities that are related and performed through unified operation or common control for a common business purpose.

26.   At all relevant times, two or more employees of corporate Defendants have regularly and routinely handled or otherwise worked on goods or materials that have been moved in or produced for commerce, including food products and beverages.

27.   At all relevant times, Defendants' enterprise had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

28.   As a result, Defendants' employees are and at all times relevant have been employees in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

**<u>Defendants Engaged and Continue to Engage in Oppressive Child Labor</u>**

29.   Defendants employ one or more minors under the age of eighteen at each franchise location. Defendants employ minor children under the age of eighteen in hazardous occupations, in violation of Section 12 of the FLSA, 29 U.S.C. § 212, in the manners set forth below.

30.   Defendants employ minors under the age of 16 and direct such minors to do the following:

A.   Work in excess of 18 hours a week when school is in session;

B.   Work in excess of three hours in any one day when school is in session;

C.   Work in excess of 8 hours in any one day when school is not in session;

D.   Work after 7 p.m. on workdays between Labor Day and June 1st;

E.   Operate baking equipment such as rapid toasters, which can reach temperatures of over 500 degrees Fahrenheit, and high-speed ovens, which can be heated to 450 degrees Fahrenheit; and

31.   Defendants employ minors under the age of 18 and direct such minors to do the following:

A.   Load and operate an industrial cardboard baler to compress cardboard boxes, which baler lacks safety features such as a key-lock maintained in the custody of an employee who is at least 18 years of age; and

B.   Load and operate trash compactors that lack safety features such as a key-lock maintained in the custody of an employee who is at least 18 years of age.

32.   Defendants' minor employees have suffered injuries arising from Defendants' employment of them in hazardous occupations, including as follows:

A.   As a result of the minors' operation of the hazardous high temperature toasters and ovens, employees under the age of 16 have sustained severe burns.

B.   Defendant Leyva Meza directed a 15-year-old employee to climb a ladder up to the ceiling to replace a bucket which was catching leaking water from the bathroom and AC system. The employee fell from the ladder and sustained injuries, including sustaining injuries to his foot.

33.   On or about April 10, 2023, Defendants will begin requiring employees, including minor employees, to operate industrial, power-driven meat slicers at each franchise location.

**Defendants Failed to Pay Required Wages and Maintain Accurate
Records of Hours Worked and Wages Paid**

34.     At all relevant times, Defendants failed to record and maintain accurate records of hours worked by and wages paid to their employees. Defendants did not compensate employees for all hours worked including time employees spent traveling between locations. Defendants directed employees to clock-in and clock-out at different Subway franchise store locations to falsify records.

35.     At all relevant times, Defendants employees routinely work over 40 hours in a workweek.

36.     In every workweek, Defendants failed to pay the required overtime premium for hours worked in excess of 40 in the workweek.

37.     Defendants have failed to pay employees at all for work performed in workweeks. Defendants also regularly issue "bad checks" for which Defendants' bank accounts lack sufficient funds to cover the check amounts. Employees as young as 15 years old have incurred fees for bounced checks, which Defendants have failed to reimburse.

38.     Defendants retain customers' tips paid to employees.

39.     Defendants' failure to pay employees for all hours worked has resulted in employees' regular rate dropping below the federal minimum wage of $7.25 per hour.

40.     Defendants continue their practices of underpaying their employees and failing to maintain accurate records of hours worked and wages paid.

**Defendants interfered with the Secretary's investigation and retaliated
against employees for asserting rights under the FLSA.**

41.     After the U.S. Department of Labor, Wage and Hour Division ("WHD") began investigating Defendants' employment practices, Defendant John Michael Meza evaded communication and service of process for months.

42.    Defendants refused to produce basic documents or information to WHD, including records showing end-of-day amounts of tip wages and a complete set of employees' hours worked and time records.

43.    Defendant John Michael Meza called at least one minor employee whom WHD investigators had interviewed, and pressured the employee to not speak with Wage and Hour investigators.

44.    Defendants directed employees not to speak to WHD investigators, and threatened employees with the closure of the business and withholding of their pay if employees cooperated with the investigation.

45.    Defendant Ayesh, threatened to file a false police report and "push[] for max sentence" against two 15-year-old employees who asked for their unpaid wages.

## CLAIMS FOR RELIEF

### First Claim For Relief

### Minimum Wage Violations

46.    The Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

47.    Defendants willfully violated and continue to violate the provisions of Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay its employees who were employed by an enterprise engaged in commerce or in the production of goods for commerce, and who personally engaged in commerce or in the production of goods for commerce, wages at rates not less than the federal minimum wage.

48.    Defendants have willfully violated the minimum wage provisions Section 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2) as they knew or should have known the FLSA's minimum wage requirements but employed and continued to employ workers without properly compensating them.

## Second Claim For Relief

### Overtime Violations

49.     The Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

50.     Defendants willfully violated and continue to violate the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay its employees who were employed by an enterprise engaged in commerce or in the production of goods for commerce, and who personally engaged in commerce or in the production of goods for commerce, overtime wages for their employment in excess of forty (40) hours in a workweek that should have been compensated at time-and-a-half the regular rate.

51.     At all relevant times, Defendants have willfully violated and continue to violate Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2). Defendants knew or should have known of the FLSA's overtime requirements but nevertheless employed, and continue to employ, workers without properly compensating them.

## Third Claim For Relief

### Tip Violations

52.     The Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

53.     Defendants violated and continue to violate Section 3(m)(2)(B) and 16(e)(2) of the FLSA, 29 U.S.C. §§ 203(m)(2)(B) and 216(e)(2), by keeping tips received by its employees, including for the purpose of allowing managers or supervisors to keep a portion of employees' tips.

54.     At all relevant times, Defendants have willfully violated and continue to violate Sections 3(m)(2)(B) and 16(e)(2) of the FLSA, 29 U.S.C. §§ 203(m)(2)(B) and 216(e)(2). Defendants knew or should have known of the FLSA's tip requirements but continue to collect tips earned by employees.

//

1

2

### Fourth Claim For Relief

### Recordkeeping Violations

3

4

55.     The Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

5

6

7

8

9

10

56.     Defendants have violated and continue to violate Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to maintain, keep, make available (to the Secretary's agents for inspection, transcription, and/or copying), and preserve accurate records of all employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found at 29 C.F.R. part 516.

11

12

13

14

15

57.     At all relevant times, Defendants have willfully violated and continue to violate Section 11(c) of the FLSA, 29 U.S.C. §§ 211(c). Defendants knew of should have known of the FLSA's recordkeeping requirements, and continued to create and maintain inaccurate, incomplete, and/or falsified records of employees' hours worked and wages paid.

16

17

### Fifth Claim For Relief

### Interference with FLSA Rights

18

19

58.     The Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

20

21

22

23

24

25

59.     Section 15(a)(3) prohibits retaliation against employees and former employees because they assert their rights under the FLSA. The provision prohibits, among other things "any person" from "discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter [8 of the FLSA], or has testified or is about to testify in any such proceeding." 29 U.S.C. § 215(a)(3).

26

27

28

60.     Defendants have willfully and repeatedly violated the provisions of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), by retaliating against employees, including by intimidating and attempting to intimidate employees not to cooperate with the

Secretary's investigation nor complain about wages, and otherwise interfering with employees' ability to exercise their rights under the FLSA.

### Sixth Claim for Relief

### Obstructing the Secretary's Investigation

61.     The Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

62.     Defendants have violated and continue to violate the provisions of Section 11(a) of the FLSA, 29 U.S.C. § 211(a), by obstructing the Secretary's investigation of Defendants' compliance with the FLSA by, among other things, providing incomplete and inaccurate records to the Secretary, directing employees not to speak to the Secretary, and otherwise deterring them from cooperating in the Secretary's investigation through threats and intimidation.

63.     At all relevant times, Defendants have willfully violated Section 11(a), 29 U.S.C. § 211(a). Defendants have interfered with and impeded the ability of the employees and the Secretary to detect, identify, and have notice of the underpayments of minimum and overtime wages due and oppressive child labor.

### Seventh Claim For Relief

### Oppressive Child Labor

64.     The Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

65.     Defendants willfully violated and continue to violate Sections 12(c) and 15(a)(4) of the FLSA, 29 U.S.C. §§ 212(c) and 215(a)(4), by employing minor children in occupations, for periods, and under conditions which constitute oppressive child labor in an enterprise engaged in commerce or in the production of goods for commerce.

66.     At all relevant times, Defendants employed minor children 14 and 15 years of age and suffered or permitted them to work: more than three (3) hours on school days; more than eighteen (18) hours in a week when school is in session; and past 7:00 p.m. on workdays between Labor Day and June 1st. Defendants' employment of minor children

under the conditions alleged violates 29 C.F.R. § 570.35(a) and constitutes oppressive child labor within the meaning of Section 12(c), 29 U.S.C. § 212(c).

67.     At all relevant times, Defendants employed minor children 14 and 15 years of age in hazardous occupations and suffered or permitted them to operate and maintain power-driven meat slicers, use ladders, and engage in baking and cooking activities, in violation of 29 C.F.R. § 570.33(e), (g), and (h). Defendants' employment of these children constitutes oppressive child labor within the meaning of Section 12(c), 29 U.S.C. § 212(c).

68.     At all relevant times, Defendants employed minor children under 18 years of age and suffered or permitted them to load and operate trash compactors and industrial balers to compress cardboard boxes. Defendants employed these minor children in a prohibited occupation for minors, in violation of 29 C.F.R. § 570.63. Defendants' employment of these children violated Hazardous Occupation Orders for Nonagricultural Employment in Subpart E of Part 570 of Title 29 of the Code of Federal Regulations and constitutes oppressive child labor within the meaning of Section 12(c), 29 U.S.C. § 212(c).

69.     At all relevant times, Defendants employed minor children under 18 years of age and suffered or permitted to perform various job duties, including cleaning machines and operating power-driven machines that process meat. Defendants employed these minor children in a prohibited occupation for minors, in violation of 29 C.F.R. § 570.61. Defendants' employment of these children violated Hazardous Occupation Orders for Nonagricultural Employment in Subpart E of Part 570 of Title 29 of the Code of Federal Regulations and constitutes oppressive child labor within the meaning of Section 12(c), 29 U.S.C. § 212(c).

## PRAYER FOR RELIEF

WHEREFORE, good cause having been shown, the Secretary prays for judgment against Defendants as follows:

A.     For an Order:

1.  Under Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the FLSA including: Sections 6, 7, and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206, 207, 215(a)(2); Sections 3(m)(2)(B) and 16(e)(2) of the FLSA, 29 U.S.C. §§ 203(m)(2)(B) and 216(e)(2); Sections 11(a), 11(c), 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(a), 211(c) and 215(a)(5); Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3); and Section 12 and 15(a)(4) of the FLSA, 29 U.S.C. §§ 212 and 215(a)(4).

2.  Awarding punitive damages for Defendants' retaliation against certain current and former employees in violation of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3).

B.  For an Order:

1.  Under Section 16(c) of the FLSA, 29 U.S.C. § 216(c) finding Defendants liable for all wages due, including minimum, overtime, and tip compensation, from at least April 10, 2020 through the date of trial to all Defendants' employees including the employees listed in attached Exhibit A and other employees not presently known to the Secretary, and an additional equal amount as liquidated damages; or

2.  In the event liquidated damages are not awarded, under Section 17 of the FLSA, 29 U.S.C. § 217, enjoining and restraining Defendants and their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from withholding payment of unpaid back wages found to be due from at least April 10, 2020 through date of trial to Defendants' employees, and pre-judgment interest at an appropriate interest rate;

C.  For an Order directing Defendants to issue a curative notice to their employees that rectifies their FLSA violations, including notifying

employees of their rights under the FLSA, under any injunction, judgment, or order in this action, and this lawsuit;

D.   For an Order providing such further legal and equitable relief as may be deemed necessary or appropriate, including equitable tolling of the applicable three-year statute of limitations to redress interference with, or delayed detection of, the violations of the FLSA by the Secretary due to Defendants' actions to confuse the workers as to their rights under the FLSA and/or to intimidate or coerce them from exercising their rights and status as an employee, and failure; and

E.   For an Order awarding the Secretary the costs of this action.

F.   For an Order awarding the Secretary any other relief that the Court deems necessary and appropriate.


April 10, 2023                          Respectfully submitted,


                                        SEEMA NANDA
                                        Solicitor of Labor

                                        MARC A. PILOTIN
                                        Regional Solicitor

                                        KATHERINE E. CAMERON
                                        Associate Regional Solicitor

                                        BORIS ORLOV
                                        Counsel for Wage and Hour

                                         /s/ Eduard Meleshinsky

                                        EDUARD MELESHINSKY
                                        KARLA MALAGÓN CASTILLO
                                        Trial Attorneys

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **EXHIBIT A**

| **First Name** | **Last Name** |
| --- | --- |
| BERTHA | ABARCA |
| ADAM A | ABREGO |
| BRANDON | ADRIANO |
| JOHN J | AGUIRRE |
| ARIANA | AHMADI |
| ZEESHAN | AHMED |
| MIRIAM N | ALCANTAR GASCA |
| ELIZABETH | ALVA |
| FERNANDO | ALVARADO |
| ANA | ALVAREZ |
| MERRY D | AMARO-CHAN |
| YESICA | ARANGO VAZQUEZ |
| PEDRO | BARRERA BALBUENA |
| JOHNAY | BASPEC |
| JOMARA | BASULTO LEDEZMA |
| TELMA | BELTRAN |
| GIANNA | BENAVENTE GUERRERO |
| LILIBETH M | BENDANA GONZALEZ |
| ALEXIS | BERBERIAN |
| SAULO | BOCANEGRA VARGAS |
| SAMARA A | BRAVO |
| HILDA | CABALLERO CORTEZ |
| VIRGINIA | CABRERA RAMIREZ |
| MA DE LOURDES | CALVA BARRERA |
| CARLOS J | CARAPIA |

| | | |
|---|---|---|
| 1 | MARTHA L | CARRILLO |
| 2 | JOSUE S | CASTILLO |
| 3 | IRLANDHA | CEJA |
| 4 | PAUL M | CEREZO |
| 5 | ALESSANDRA I | CHAVEZ |
| 6 | LUZ A | CONTRERAS |
| 7 | GENESIS C | CRUZ |
| 8 | KENYA P | DE LUNA ESCARENO |
| 9 | DOMITILA | DEL TORO |
| 10 | ISABEL | DIAS |
| 11 | LAYSHA | DIAZ |
| 12 | LAURA | DURAN |
| 13 | KRISTIN C | EARL |
| 14 | PAOLA | ECHEANDIA |
| 15 | MARYCRUZ | ECHEVERRIA |
| 16 | ELIJAH S | ELLIOTT |
| 17 | WYATT E | ERICKSON |
| 18 | JUAN D | ESPINOZA |
| 19 | MONICA J | ESPINOZA |
| 20 | CHALINO E | ESPINOZA RESENDEZ |
| 21 | RODOLFO | ESQUIVEL |
| 22 | JONNI R | FENTON |
| 23 | ARIANNA H | FIALHO |
| 24 | ENRIQUE | FIERRO GUTIERREZ |
| 25 | STEPHANIE | FLORES CASTANEDA |
| 26 | DANIEL | FRANCO VELAZQUEZ |
| 27 | CARLOS I | GALLEGOS |
| 28 | LILA M | GAMMOND |

| | | |
|---|---|---|
| 1 | JENIFER | GARCIA |
| 2 | MAYA | GARCIA |
| 3 | MIA | GARCIA |
| 4 | MELISSA | GAXIOLA CARRILLO |
| 5 | KARLA Z | GAYTAN LOPEZ |
| 6 | AMITA | GILL |
| 7 | BRENDA | GOMEZ GONZALEZ |
| 8 | ALEYDY | GOMEZ TEVALAN |
| 9 | ALYSSA N | GONZALEZ |
| 10 | JENNIFER | GONZALEZ CAMACHO |
| 11 | EDITH | GONZALEZ LOPEZ |
| 12 | ALBA L | GONZALEZ PATRON |
| 13 | GUADALUPE M | GRACIA |
| 14 | EMILIO A | GRIMALDI |
| 15 | LUNA F | GUDINO SANCHEZ |
| 16 | DELIA | GUEVARA |
| 17 | RODRIGO | GUTIERREZ |
| 18 | YADIRA D | GUZMAN |
| 19 | JAMES R | HAYNES |
| 20 | JOSE J | HERALDEZ |
| 21 | YAJAIRA M | HERNANDEZ |
| 22 | ELIZABETH | HERNANDEZ GUZMAN |
| 23 | ZAIRA J | HERNANDEZ LANDAVERDE |
| 24 | CHRISTOPHER | HERRON |
| 25 | ORION A | HOWELL |
| 26 | FRANCISCA | IDIARTE |
| 27 | DEARIES D | INGRAM |
| 28 | ALEXANDRA | ISAACS |

| | | |
|---|---|---|
| 1 | JAZMINE | JIMENEZ |
| 2 | ALYSSA M | KLEMM |
| 3 | EDWARD O | KNITTEL |
| 4 | JOESIAH A | KRISTON |
| 5 | BRITTNEY N | LANGLEY |
| 6 | DESTINY S | LAVALLIS BOATNER |
| 7 | MICHELLE L | LAZAR |
| 8 | AMELIE | LEMAIRE |
| 9 | RIGOBERTO R | LEMUS |
| 10 | HENRY A | LEMUS MONTOYA |
| 11 | FELIPE A | LEMUS VASQUEZ |
| 12 | COOPER M | LOFTIS |
| 13 | ALLISON E | LOPEZ |
| 14 | MATTHEW S | LOVETT |
| 15 | GEORGE | LUJANO JR |
| 16 | KATHRYN E | MALOON |
| 17 | LORALEE | MALOON |
| 18 | EDWIN N | MARTINEZ |
| 19 | ROXANA | MARTINEZ |
| 20 | MAYHIDRA B | MARTINEZ RODRIGUEZ |
| 21 | BETSABE D | MARTINEZ VELASCO |
| 22 | JESSICA | MAZARIEGOS |
| 23 | RYAN E | McHUGH |
| 24 | KAMALANI | MENDOZA |
| 25 | MELEANA K | MENDOZA |
| 26 | DAVID | MENDOZA ORTIZ |
| 27 | YANIRETH D | MENDOZA ZARATE |
| 28 | EVAN P | MERZ |

| | | |
|---|---|---|
| 1 | DULCE I | MOEDANO RAMIREZ |
| 2 | OVIER L | MONTANO GONZALEZ |
| 3 | DEMITRI I | MONTOYA |
| 4 | ZAHIRA A | MONTOYA RUIZ |
| 5 | EDGAR | MORA |
| 6 | REBECCA S | MORALES |
| 7 | YERSON A | MORALES |
| 8 | DEISY | MURILLO CHAVEZ |
| 9 | MAIDE | NAIBANT |
| 10 | ALI AHMET B | NALBANT |
| 11 | ALANA O | O'RAY |
| 12 | LUIS F | ORTEGA |
| 13 | ZAKIA | OUKACI |
| 14 | ARGENIS M | PAEZ |
| 15 | ALLEN | PARK |
| 16 | BRIANNA | PEREZ |
| 17 | IVETTE | PEREZ |
| 18 | TERESA | PEREZ |
| 19 | KEVIN | PEREZ DUARTE |
| 20 | ARELY | PEREZ VENCES |
| 21 | JASMIN | PORTILLO |
| 22 | CESAR A | RAMIREZ |
| 23 | MARISOL | RAMIREZ GARCIA |
| 24 | ALEX | RAMIREZ |
| 25 | ROSA | REGIL MONTEJO |
| 26 | GLORIA A | REYES |
| 27 | JOE | REYES |
| 28 | ADRIAN | REYES HERRERA |

| | | |
|---|---|---|
| 1 | CHAUNCEY A | RIGGINS |
| 2 | SILOE | RIVERA MARTINEZ |
| 3 | BIANKA N | RODRIGUEZ |
| 4 | JOSELYN | RODRIGUEZ |
| 5 | BRAULIO | RODRIGUEZ GARCIA |
| 6 | ALISA | ROJAS PALOMINO |
| 7 | ANTONIA P | ROJAS TORRES |
| 8 | DAYSI | ROMERO CAMACHO |
| 9 | RENE | ROMERO GONZALEZ |
| 10 | RENE | ROSALES |
| 11 | MARRELY I | ROSAS RAMIREZ |
| 12 | GUILLERMO | RUVALCABA |
| 13 | MONICA G | SALGADO |
| 14 | MARIA DEL SOCORRO | SALVADOR GONZALEZ |
| 15 | JULIAN E | SANABRIA VILLABONA |
| 16 | EDUARDO | SANCHEZ |
| 17 | GUILLERMO | SANCHEZ MORFIN |
| 18 | HUGO M | SANCHEZ TENICELA |
| 19 | OSCAR | SANDOVAL |
| 20 | JULIANA A | SANTANA |
| 21 | GUADALUPE | SANTOS DIAZ |
| 22 | GUADALUPE | SANZ |
| 23 | ADRIANA | SEVEI |
| 24 | SILVIA | SIERRA VELASCO |
| 25 | BRIANNA A | SOLARES |
| 26 | GABRIELA | SOLORIO LOPEZ |
| 27 | MARIELA | SOLTERO |
| 28 | LORENZA N | TAPIA GOMEZ |

| | | |
|---|---|---|
| 1 | RIELLY M | TATE |
| 2 | JACQUELINE | TOLEDO AGUILAR |
| 3 | ADELFO | TORRES MENDOZA |
| 4 | ESMERALDA | TORRES RAMOS |
| 5 | EDUARDO | URENA GONZALEZ |
| 6 | MARIA DEL CARMEN | VACA DUARTE |
| 7 | LOURDES M | VALDIVIESO |
| 8 | YESENIA | VALENCIA ZAMORA |
| 9 | ELIJAH E | VALLECILLO |
| 10 | ISAIAH | VALLECILLO |
| 11 | YANELLI | VARGAS |
| 12 | JORGE | VASQUEZ MORA |
| 13 | SILVIA | VEGA |
| 14 | CHRISTIAN | VENEGAS |
| 15 | ARIANNA J | WHEELER |
| 16 | HELEN | YOO |
| 17 | ELIAS M | YORK |
| 18 | BIANCA R | ZARATE |
| 19 | BLANCA | ZENDEJAS |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |