1
2
3
4
5
6
7
8
9
10
11
12

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

JULIE A. SU, Acting Secretary of Labor,
United States Department of Labor,

14

15
                                    Plaintiff,

            v.
16

17
JOHN MICHAEL MEZA; JESSICA L.
MEZA; HAMZA AYESH; MZS
18
ENTERPRISES, LLC; CRAVE BRANDS,
LLC,
19

20
                                    Defendants.

21
22
23
24
25
26
27
28

Case No. 3:23-cv-01714-VC

**Joint Stipulation and [~~Proposed~~]
Order for Preliminary Injunction**

**Joint Stipulation and [~~Proposed~~] Order for Preliminary Injunction**

Defendants hereby stipulate to the entry of the following Preliminary Injunction. Plaintiff agrees that, upon entry of this Stipulated Preliminary Injunction, she will withdraw her Motion for a Temporary Restraining Order (ECF No. 5).

## STIPULATED PRELIMINARY INJUNCTION

This matter is before the Court on the Secretary of Labor's motion for a temporary restraining order and order to show cause why a preliminary injunction should not issue relating to the use of oppressive child labor, interference with the Secretary's investigation, retaliation, and failure to maintain records by John Michael Meza, Jessica L. Meza, Hamza "Mike" Ayesh, MZS Enterprises LLC, and Crave Brands LLC (together, "Defendants") in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

The Secretary has presented evidence that Defendants have violated and are likely to continue to violate the child labor, interference, retaliation, and recordkeeping provisions of the FLSA. Defendants have also shown a propensity to attempt to evade compliance with the FLSA by threatening their minor employees, maintaining false employment records, and interfering with the Secretary's interviews with employees. If Defendants' conduct is not immediately rectified, Defendants' employees, Defendants' law-abiding competitors, and the Secretary—who was authorized by Congress to enforce the FLSA in the public interest—will be irreparably harmed.

Thus, the Court hereby GRANTS the following Stipulated Preliminary Injunction:

The Court ENJOINS Defendants, including their agents, attorneys, supervisors, managers, co-employers, employees, successors, or officers, owners, agents, or directors, and all those in active concert or participation with Defendants as follows:

1.      Defendants shall not employ oppressive child labor as defined in 29 U.S.C. § 203(l) in violation of Sections 12(c) and 15(a)(4) of the Fair Labor Standards Act, and, in particular:

a.      Defendants shall not suffer or permit to work any person under the

age of 16 years in violation of 29 C.F.R. § 570.35;[1]

    b.    Defendants shall not suffer or permit to work any person under the age of 16 years in an occupation prohibited by 29 C.F.R. § 570.33, including but not limited to all baking and cooking activities, such as the use of a rapid toaster or high-speed oven, and all work requiring the use of ladders, scaffolds, or their substitutes;

    c.    Defendants shall not suffer or permit to work any person under the age of 18 years in any hazardous occupation prohibited by 29 C.F.R. §§ 570.50-570.68, including but not limited to power-driven paper products machines—such as balers, compactors—and power-driven meat slicers.

2.    Defendants are enjoined from scheduling an employee under 18 years of age to work without the presence of an adult employee able to perform the tasks identified in 29 C.F.R. § 570.33 and 29 C.F.R. §§ 570.50-570.68 during the duration of this Stipulated Preliminary Injunction.

3.    Defendants are enjoined from instructing employees: (1) not to speak to representatives of the Department of Labor ("DOL"), (2) to provide false information to the DOL regarding the terms and conditions of their employment, (3) to inform Defendants regarding the content of their conversations with the DOL.

4.    Defendants are enjoined from retaliating, intimidating, or discriminating in

---

[1] 29 C.F.R. § 570.35(a) provides, in relevant part:

[E]mployment in any of the permissible occupations to which this subpart is applicable shall be confined to the following periods:
  (1) Outside of school hours;
  (2) Not more than 40 hours in any 1 week when school is not in session;
  (3) Not more than 18 hours in any 1 week when school is in session;
  (4) Not more than 8 hours in any 1 day when school is not in session;
  (5) Not more than 3 hours in any 1 day when school is in session, including Fridays;
  (6) Between 7 a.m. and 7 p.m. in any 1 day, except during the summer (June 1 through Labor Day) when the evening hour will be 9 p.m.

any way against any current or former employee of Defendants who exercises their rights under the FLSA, including but not limited to testifying or otherwise reporting information to the Secretary. Prohibited retaliatory actions include but are not limited to termination, reduction of hours, or threats to report employees to law enforcement agencies including immigration authorities.

5.     Defendants are enjoined from issuing checks to employees from accounts with insufficient funds.

6.     Defendants are enjoined from moving funds outside of their business accounts other than to pay necessary business expenses such as employees' wages, suppliers, and rents.

7.     Defendants must notify the Secretary immediately regarding any sale of any of Defendants' real estate properties or any part of the going concern which is the subject of this enforcement action.

8.     Defendants shall send Exhibit A, attached hereto, to all employees, including managers, by email and U.S. first-class mail at their own expense **within twenty-one (21) calendar days of the entry of this Stipulated Preliminary Injunction**.

9.     Defendants shall provide to the Secretary a list of the email and mailing address information used to deliver Exhibit A to their employees **within twenty-one (21) calendar days of the entry of this Stipulated Preliminary Injunction**.

10.     Defendants shall provide a copy of this Stipulated Preliminary Injunction to any person who supervises any of their employees performing work at Defendants' Subway locations **within twenty-one (21) calendar days of the entry of this Stipulated Preliminary Injunction**. Defendants shall provide any new supervisors hired after the date of the issuance of this Stipulated Preliminary Injunction a copy of this Stipulated Preliminary Injunction on their hire date.

11.     Defendants shall make, keep, and preserve accurate and complete employment records as required by § 11(c) of the FLSA, 29 U.S.C. § 211(c), and the regulations at 29 C.F.R. Part 516, and shall provide access to any of these records to the

3

Secretary within 72 hours of the Secretary sending such a request. Defendants are enjoined from maintaining false or incomplete records of any of the information therein required, including but not limited to records of all wages paid to each of their employees each pay period, including gross wages, deductions, tips, and net pay.

12.     Defendants are enjoined from reducing the work hours recorded by employees, including by deducting meal periods not taken.

13.     Defendants are enjoined from paying wages to any employees through non-payroll accounts.

14.     Defendants shall provide an accurate earnings statement to each of their employees each time they are paid with the following information: (1) gross wages paid to the employee each workweek; (2) total hours worked each workweek; (3) a list of itemized deductions from employees' pay; (4); net wages earned; (5) the inclusive start and stop dates of the pay period; (6) the employee's name and employee identification number; (7) the applicable hourly rates (including straight time and overtime rates) and corresponding number of hours worked at each hourly rate; (8) total straight-time wages paid; (9) total overtime wages paid; (10) total tips earned.

15.     **Within twenty-one (21) calendar days of the entry of this Stipulated Preliminary Injunction**, Defendants shall produce to the Secretary a list of all employees' last known contact information and dates of birth for all employees who worked at any of Defendants' store locations from August 1, 2019 to the date of the entry of this Stipulated Preliminary Injunction.

16.     **Within twenty-one (21) calendar days of the entry of this Stipulated Preliminary Injunction,** Defendants shall provide the Secretary with copies of all of employees' earning statements from August 1, 2019 to the date of the entry of this Stipulated Preliminary Injunction.

17.     **Within twenty-one (21) calendar days of the entry of this Stipulated Preliminary Injunction,** Defendants shall produce to the Secretary its employees' clock in and clock out date and times, itemized by each store location, from August 1, 2019 to

4

the date of the entry of this Stipulated Preliminary Injunction.

18. **Within twenty-one (21) calendar days of the entry of this Stipulated Preliminary Injunction,** Defendants shall provide all end-of-day gross sales and tip information—itemized by each store location—from August 1, 2019 to the date of the entry of this Stipulated Preliminary Injunction.

19. **Within twenty-one (21) calendar days of the entry of this Stipulated Preliminary Injunction,** Defendants shall provide records of the hours worked for each employee during each day—itemized by each store location—from August 1, 2019 to the date of the entry of this Stipulated Preliminary Injunction.

20. **Within twenty-one (21) calendar days of the entry of this Stipulated Preliminary Injunction,** Defendants shall provide to the Secretary an accounting of all the bounced checks from August 1, 2019 to the date of the entry of this Stipulated Preliminary Injunction to allow for computation of the insufficient funds fees to be reimbursed by Defendants to employees.

21. **All documents must be produced in an electronic, searchable format to the extent Defendants' documents are maintained or may be generated in such a format.** If a document is neither maintained nor may be generated in an electronic, searchable format, then Defendants shall produce the document in an electronic format with all metadata intact to the extent such metadata exists. If a subject document is producible in a comma-separated-values ("CSV") file, such as an Excel spreadsheet, then the document must be produced in such format and not converted to a PDF. Documents must be organized in a manner that clearly identifies the nature of the documents.

22. If Defendants aver that documents identified in the foregoing paragraphs are not available or are incomplete, then Defendants shall produce all responsive documents in their possession, custody, or control (direct or indirect). Defendants shall also specify under oath each category of documents for which they aver they lack possession, custody, or control (direct or indirect), the time period for which such documents are unavailable, and if applicable, the particular store location(s) and

employee(s) for which records they aver records do not exist.

23.     Defendants shall comply with the FLSA as specified above and in all other respects.

The Court further ENJOINS Defendants as follows:

24.     **Within fourteen (14) calendar days after the issuance of this Stipulated Preliminary Injunction, Defendants must cease** withholding $265,294.17 in unpaid wages resulting from passing bad checks to employees, withholding payment entirely from employees, and bad check fees incurred by Defendants' employees by depositing such unpaid wages with the Department of Labor, Wage and Hour Division online. Defendants may deposit such funds by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77761888, or by going to www.pay.gov and searching "WHD Back Wage Payment Form - Western Region." All payments shall reference BW Case Number 1970756.

25.     **Within twenty-one (21) calendar days of receiving the complete set of documents and information ordered above in paragraphs 15-22,** the Secretary shall submit updated calculations regarding unpaid minimum wages, overtime premiums, and unlawfully retained tips owed to Defendants' employees in addition to those specified in paragraph 24 or request additional time to do so for good cause shown. Defendants shall have seven (7) days to contest the Secretary's calculations. The Secretary shall have seven (7) days to respond. The Court will issue an order on the papers or set an evidentiary hearing to further enjoin Defendants from withholding wages due to employees based on the Secretary's updated calculations regarding unpaid minimum wages, overtime premiums, and unlawfully retained tips owed to Defendants' employees.

This Stipulated Injunction shall take effect immediately and shall remain in effect until the final disposition of this matter at which time the Court will determine whether to convert this Stipulated Preliminary Injunction to a Permanent Injunction.

The Court further ORDERS that no security bond shall be required under Federal

1  Rule of Civil Procedure 65(c).

2  **IT IS SO ORDERED**.

3

4  DATED this __19th_ of ____May_____, 2023

5

6

7

8                                                              _____
   UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SO STIPULATED AND AGREED:**

MZS ENTERPRISES LLC

BY: John Michael Meza
Managing Agent

DATE: 5-5-23

CRAVE BRANDS, LLC

BY: John Michael Meza
Managing Agent

DATE: 5.5.23

CRAVE BRANDS GROUP, LLC

BY: John Michael Meza
Managing Agent

DATE: 5.5.23

John Meza

BY: John Michael Meza
In his individual capacity

DATE: 5.5.23

BY: Jessica L. Meza
In her individual capacity

DATE:

9

**SO STIPULATED AND AGREED**:

MZS ENTERPRISES LLC

_____
BY: John Michael Meza                            DATE:
Managing Agent

CRAVE BRANDS, LLC

_____
BY: John Michael Meza                            DATE:
Managing Agent

CRAVE BRANDS GROUP, LLC

_____
BY: John Michael Meza                            DATE:
Managing Agent

John Meza

_____
BY: John Michael Meza                            DATE:
In his individual capacity

_____
BY: Jessica L. Meza                              DATE: 5·15·23
In her individual capacity

9

1

2   BY: Hamza Ayesh
    In his individual capacity
3

4   For the Secretary:

5
    MARC A. PILOTIN
6   Regional Solicitor

7
    ANDREW J. SCHULTZ
8   Counsel for Wage and Hour

9

10

11

12   /s/ Eduard Meleshinsky

13   EDUARD MELESHINSKY
    Trial Attorney

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATE: 4/28/2023

DATE: 5/16/2023

10

# NOTICE OF RIGHTS

### To Current and Former Employees of John Meza; Jessica Leyva Meza; Hamza "Mike" Ayesh; MZS Enterprises, LLC (d/b/a "Subway"); Crave Brands, LLC (d/b/a "Subway")

The U.S. Department of Labor ("DOL") filed a lawsuit against Defendants John Meza, Jessica Leyva Meza, Hamza "Mike" Ayesh, MZS Enterprises LLC, and Crave Brands LLC, in the U.S. District Court for the Northern District of California Case No. 3:23-cv-01714-VC. The DOL alleges that Defendants violated the federal Fair Labor Standards Act at their Subway franchise locations in the Bay Area. Defendants deny the allegations. The Court has ordered that Defendants post this Notice.

### Under federal law, you have the right to:

- Be paid at least the minimum wage for each hour you work.

- Be paid for an overtime rate for each hour you work over 40 in a workweek (1.5 times your regular hourly rate).

- Be paid the tips you received from customers including credit card tips.

- Have your employer keep accurate records of the hours you work, which includes permitting you to record all hours that you have worked; and

- Not be retaliated against or intimidated for (1) participating in an investigation or lawsuit by the United States Department of Labor, including speaking with DOL investigators or attorneys; or (2) exercising your rights under the Fair Labor Standards Act by complaining to your employer about pay or working conditions. Illegal retaliation includes threatening or taking action to fire you, refuse to pay you, require you to pay back any wages, or report you to the police or immigration authorities because you did either (1) or (2) above.

The U.S. District Court has specifically ordered that Defendants may not retaliate against, intimidate, or attempt to influence or in any way threaten employees for providing information to the Department of Labor or participate in the litigation as a witness. Your employer cannot threaten to contact immigration authorities or ask about your immigration status because you spoke or were perceived to have spoken with a representative of the U.S. Department of Labor, or because you have otherwise cooperated or were perceived to have cooperated with a U.S. Department of Labor investigation or this litigation.

1

2

### **For employees under 18 years old, you have additional rights**

3

4

If you are 16 or 17 years old, the law prohibits your employer from requiring or permitting you to:

5

- Operate, set up, adjust, clean or repair any power-driven machinery including meat slicers;

6

7

- Unload or operate machines that crush cardboard boxes ("balers") or crush trash ("trash compactors");

8

- Load balers or trash compactors, unless the equipment has certain safety features.

9

10

If you are 14 or 15 years old, the law prohibits your employer from requiring or permitting you to:

11

- Operate, set up, adjust, clean or repair any power-driven machinery including meat slicers;

12

13

- Load, unload, or operate machines that crush cardboard boxes ("balers") or crush trash ("trash compactors") at all;

14

- Perform any baking or cooking activities such as using a high-speed oven or rapid toaster;

15

- Use a ladder, scaffold, or similar device.

16

17

If you are 14 or 15 years old, the law limits the hours you can work. The law prohibits your employer from requiring or permitting you to work:

18

- During school hours when school is in session;

19

- More than 40 hours in any 1 week when school is not in session;

20

- More than 18 hours in any 1 week when school is in session;

21

- More than 8 hours in any 1 day when school is not in session;

22

- More than 3 hours in any 1 day when school is in session, including Fridays;

23

24

- Outside of the 7 a.m. to 7 p.m. time window in any 1 day, except during the summer (June 1 through Labor Day) when the evening hours of work can be up to 9 p.m.

25

26

27

28

**If you have any questions about your rights as an employee, contact:**
U.S. Department of Labor, Wage and Hour Division - Investigator Susana Moreno
700 Ygnacio Valley Rd., Suite 300, Walnut Creek, CA 94596

415-625-7720

Notice of Rights – *U.S. Secretary of Labor v. John Michael Meza, et al.*
Page 2 of 2