MARC A. PILOTIN
Regional Solicitor
ANDREW J. SCHULTZ
Counsel for Wage and Hour
EDUARD MELESHINSKY (CA SBN 300547)
KARLA MALAGÓN CASTILLO (CA SBN 320505)
Trial Attorneys
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
Telephone: (415) 625-7744
meleshinsky.eduard.r@dol.gov
Attorneys for Plaintiff Julie A. Su,
Acting United States Secretary of Labor

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE A. SU,<br>    Acting Secretary of Labor,<br>    United States Department of Labor,<br><br>                                    Plaintiff,<br><br>        v.<br><br>JOHN MICHAEL MEZA; JESSICA LEVYA MEZA;<br>HAMZA AYESH; MZS ENTERPRISES, LLC;<br>CRAVE BRANDS, LLC,<br><br>                                    Defendants. | Case No.: 3:23-cv-01714<br><br>**[PROPOSED] CONSENT<br>JUDGMENT AND<br>PERMANENT INJUNCTION** |

Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor

("Secretary"), and Defendants John Meza; Jessica Leyva Meza; Hamza Ayesh; MZS Enterprises LLC;

and Crave Brands LLC ("Defendants") have agreed to resolve the matters in controversy in this civil

action and consent to the entry of this Consent Judgment in accordance herewith:

### STATEMENTS AND AGREEMENTS BY THE PARTIES

A.        The Secretary filed a Complaint in the above-captioned proceeding against Defendants

and alleged that they violated provisions of sections 6, 7, 11(c), 12(c), 15(a)(2), 15(a)(3), 15(a)(4), and

15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 206, 207,

211(c), 212(c), 215(a)(2), 215(a)(3), 215(a)(4), and 215(a)(5).

B.      Defendants acknowledge receipt of a copy of the Secretary's Complaint, the accompanying summons, and the First Amended Complaint.

C.      Defendants are represented by counsel, who has appeared in this action, and has answered the First Amended Complaint, largely admitting the Secretary's allegations.

D.      Parties agree to waive findings of fact and conclusions of law and agree to the entry of this Consent Judgment without further contest.

E.      Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Northern District of California.

F.      Defendants admit to violating Sections 3(m)(2)(B), 6, 7, 11, 12(c), 15(a)(2)-(5), during the period from April 10, 2020 to September 25, 2023.

G.      Defendants acknowledge that they and any individual or entity acting on their behalf or at their direction have notice of and understand the provisions of this Order and Consent Judgment.

H.      Defendants John and Jessica Meza admit that they directly or indirectly own the following businesses ("the Meza businesses" or "companies"):

       1.      Crave Brands LLC

       2.      Crave Brands Group LLC

       3.      Factory Subs LLC

       4.      Grindstone Subs LLC

       5.      Lyons Brands LLC

       6.      Mad Cobra LLC

       7.      MZS Enterprises LLC

       8.      MZS Limitless Holdings LLC

       9.      Next Level Brands LLC

       10.     Sub Brands LLC

       11.     Summit Foods Group LLC

       12.     Yum Brands LLC

I.      Defendants agree to waive any right to appeal this judgment and any right to notice prior to execution of post-judgment remedies.

J.      Defendants John and Jessica Meza affirm that they directly or indirectly own and control the Meza businesses.

K.      Defendant John Meza acknowledges that he is also known as John Michael Meza, Juan Meza and John R. Meza and agrees that any assets listed under these alternate names does not bar execution of post-judgment remedies as to those assets. Defendant John Meza agrees not to contest any post-judgment debt collection remedies by virtue of small differences in the spelling or form of the name in this judgment.

L.      Defendant Jessica Meza acknowledges that she is also known as Jessica L. Meza and Jessica Leyva Meza and agrees that any assets listed under these alternate names does not bar execution of post-judgment remedies as to those assets. Defendant Jessica Meza agrees not to contest any post-judgment debt collection remedies by virtue of small differences in the spelling or form of the name in this judgment, including her use of her maiden name, Leyva.

M.      Defendants waive formal service for any debtor exam, order for examination, and any other debt collection purposes including any service required by the Federal Debt Collection Practices Act, 28 U.S.C. §§ 3201 et seq. In lieu of formal service, Defendants must accept service by email from the U.S. Department of Labor for any purpose at the following email addresses (or any updated email addresses which Defendants provide to the Secretary through written notice):

          a.   John Meza: mezaphp@gmail;

          b.   Hamza Ayesh: mayesh30@gmail.com;

          c.   Jessica Meza: jmmworld@yahoo.com.

N.      The Department shall copy counsel for Defendants, Arkady Itkin, on all email correspondence to Defendants unless the Department receives written notification to cease doing so.

O.      Defendants John Meza, Jessica Meza, and Hamza Ayesh aver under penalty of perjury that they, collectively, cannot produce more than $12,000 in cash funds as of September 25, 2023.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PERMANENT INJUNCTION**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers, agents, servants, employees, successor companies, parties in interest, and all persons and entities acting at their direction or in concert or participation with them, (hereinafter, "Defendants"), are permanently enjoined and restrained from violating the FLSA, including through any of the following manners:

1.      Defendants are enjoined from violating Sections 3(m)(2)(B), 6, 7, 12(c), or 15 of the FLSA, 29 U.S.C. §§ 203(m)(2)(B), 206, 207, 212(c), or 215.

2.      Defendants shall not refuse to provide documents and information to the Department of Labor to aid in its investigation in violation of 29 U.S.C. § 211(a);

3.      Defendants shall not instruct employees not to speak to the Department of Labor, or otherwise prevent employees from cooperating with the Department of Labor;

4.      Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not violate 29 U.S.C. § 215(a)(3) by in any way retaliating or taking any adverse employment action, or threatening or implying that adverse action will be taken against any employee who exercises or asserts their rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Violation of this Paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, the Defendants, their officers, agents, servants, employees, successor companies, parties in interest, and all persons and entities acting at their direction or in concert or participation with them, (hereinafter, "Defendants"), are further permanently enjoined and restrained as follows:

5.      Defendants shall either sell or wind down all of their businesses, including but not limited to the Meza businesses, **within 60 days of the entry of this judgment and order**.

6.      Defendants shall submit written documentation showing that each of their businesses has been sold or wound down, including but not limited to the Meza businesses, **within 60 days of the entry of this judgment and order**.

7.      If Defendants sell all or part of their businesses to comply with this judgment and order, including but not limited to the Meza businesses, then any proceeds that otherwise would have been paid to Defendants—directly or indirectly—from the sold business(es) shall be deposited with the U.S. Department of Labor, Wage and Hour Division, **within 15 days of any such sale.**

8.      If Defendants sell all or part of their businesses, including but not limited to the Meza businesses, then Defendants shall send the Wage and Hour Division all documents which are used to execute the sale(s) such as purchase agreements **within 15 days of any such sale.**

9.      Defendants John and Jessica Meza shall not directly or indirectly open or own another Subway franchise restaurant or any similar business (food franchise) for three years.

10.     For three years from the date of entry of this judgment and permanent injunction, Defendants John and Jessica Meza shall provide written notice to the U.S. Department of Labor, Wage and Hour Division, District Director of the Walnut Creek Area Office within 30 days of hiring any employee in any food-related business they own directly or indirectly.

## JUDGMENT AND ORDER

**FURTHER, JUDGMENT IS HEREBY ENTERED,** pursuant Section 16(c) of the FLSA, 29 U.S.C. § 216(c), in favor of the Secretary and against Defendants in the amount of $1,112,000.00, as detailed below. Pursuant to this Judgment, **IT IS HEREBY ORDERED THAT**

11.     Defendants John and Jessica Meza shall pay $475,000 in minimum wage, overtime, and tip pay hereby due under the FLSA and this Judgment, to their employees. In addition, liquidated damages in the amount of $475,000 are hereby due under the FLSA and Defendants John and Jessica Meza shall pay this amount to the employees on Exhibit A to the First Amended Complaint ("Exhibit A"). Defendants can deposit the monies referenced in this paragraph by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77761888, or by going to www.pay.gov and searching "WHD Back Wage Payment Form - Western Region." All payments shall reference BW Case Number 1970756.

12.     **By October 10, 2023**, all Defendants shall pay $12,000 in punitive damages by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77761888, or by going to www.pay.gov and searching "WHD

Back Wage Payment Form - Western Region." All payments shall reference BW Case Number 1970756. The Department shall have sole discretion regarding the allocation of the $12,000 in punitive damages paid by Defendants. If Defendants fail to abide by this paragraph then Defendant Ayesh shall be jointly responsible for the payments in paragraphs 11 and 13.

13.     The amount of $150,000 in civil money penalties is assessed against Defendants John and Jessica Meza and finally determined, pursuant to FLSA Section 16(e), 29 U.S.C. § 216(e). Defendants waive the right to a hearing with respect to this assessment of civil money penalties.

14.     The Secretary shall deposit payment into the Treasury of the United States as miscellaneous receipts under 29 U.S.C. § 216(c) with respect to any monies not distributed to employees because of an inability to locate the proper persons.

15.     **<u>Within 15 days of entry of this Consent Judgment</u>**, Defendants shall deliver a schedule containing the full name of each employee they have employed from April 10, 2020 to the date of the entry of this judgment, the employee's current address or last known address, full social security number, home phone number, cell phone number, and other known contact information of the employee.

16.     The amounts owed under paragraphs 11 and 13 shall begin accruing post-judgment interest at the rate of 10% per year upon the expiration of three hundred and sixty five days after the entry of this judgment and order on the docket until the full principal and interest are paid off.

17.     If Defendants do not pay the amounts due in paragraphs 11 and 13 in full within 30 days of the entry of this judgment and order on the docket, then Defendants consent to entry of a writ of execution pursuant to Rule 69 of the Federal Rules of Civil Procedure, to enforce the monetary terms of this consent judgment and permanent injunction. Such a writ of execution shall be limited to the pending balance of the Defendants' monetary obligations under this consent judgment and permanent injunction, including any post-judgment interest, at the time such writ is issued. The Acting Secretary may represent in filing for such a writ that Defendants consent to its issuance. Upon request from the Acting Secretary, Defendants agree to furnish a complete and accurate list of their real, personal, and business property and other assets, including bank accounts with account numbers, that have an estimated value of $2,000.00 or more and the locations of such property for purposes of the Acting

1    Secretary seeking a Writ of Execution in accordance with this paragraph of the consent judgment and

2    permanent injunction.

3        **IT IS FURTHER ORDERED** that the filing, pursuit, and/or resolution of this proceeding with

4    the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under FLSA §

5    16(b), 29 U.S.C. § 216(b), as to any employee not on the attached Exhibit A, nor as to any employee on

6    the attached Exhibit A for any period not specified therein, nor as to any employer other than the

7    Defendants.

8        **IT IS FURTHER ORDERED** that nothing in this Consent Judgment and Permanent Injunction

9    is binding on any governmental agency other than the United States Department of Labor, Wage and

10   Hour Division.

11       **IT IS FURTHER ORDERED** that nothing in this Consent Judgment and Permanent Injunction

12   may be used by Defendants as a defense against private claims brought by an employee including but

13   not limited to res judicata, collateral estoppel defense, offset, satisfaction and accord, or any other

14   defense.

15       **IT IS FURTHER ORDERED** that each party shall bear their own fees, costs, and other

16   expenses incurred by such party in connection with any stage of this proceeding, including but not

17   limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended,

18   to the date of entry of the Judgment herein but excludes any fees and costs incurred with respect to the

19   Acting Secretary's collections efforts; and

20       **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this action for purposes of

21   enforcing compliance with the terms of this Consent Judgment.

22

23   Dated: September 27, 2023

24                                           UNITED STATES DISTRICT JUDGE

25



26

27

28

1    **SO STIPULATED AND AGREED**:

2    For Defendants:

3

4    MZS ENTERPRISES LLC

5

6    BY: John Meza                      DATE: 9~28~23

7    Managing Agent

8

9    CRAVE BRANDS, LLC

10

11    BY: John Meza                      DATE: 9. 25. 23

12    Managing Agent

13

14    BY: John Meza                      DATE: 9 - 25- 23

15    In his individual capacity

16

17    BY: Jessica Meza                  DATE: 9/25/23

18    In her Individual capacity

19

20

21    BY: Hamza Ayesh                 DATE: 9/25/23

22    In his individual capacity

23

24

25

26

27

28

For the Secretary:

MARC A. PILOTIN
Regional Solicitor

ANDREW J. SCHULTZ
Counsel for Wage and Hour

9-25-2023

_____

EDUARD MELESHINSKY
KARLA MALAGÓN CASTILLO
Trial Attorneys